UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT P. HANDLER, not individually but solely as Assignee for Benefit of Creditors of Yellow Pages Authority, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 3728 |
| | ) | Judge Marvin E. Aspen |
| v. | ) ) | |
| KENNETH ALLEN & ASSOCIATES, P.C., | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Robert Handler ("Handler") brought a breach of contract action against Defendant Kenneth Allen & Associates, P.C. ("Kenneth Allen") for non-payment on a series of invoices for advertisements placed by non-party Yellow Page Authority Ltd. (Compl. ¶ 15.) On December 23, 2010, Kenneth Allen filed the present Motion to Transfer Case to the Northern District of Indiana. For the reasons discussed below, we grant the motion.[1]

### BACKGROUND

This case involves a dispute over a contract executed by Kenneth Allen, a personal injury law firm that advertises in Indiana and Illinois, and non-party Yellow Pages Authority ("YPA"),

---

[1] Handler's reliance on language from *Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979), to challenge the timeliness of Kenneth Allen's motion is misplaced. The *Blumenthal* language Handler cites, "a motion to transfer should be made early in the proceeding," *id.*, is not a concrete "rule" requiring denial of Defendant's motion. (Resp. at 2.) Since the court in *Blumenthal* noted that "a mere passage of time or delay is not alone sufficient to deny a motion to transfer" and because the *Blumenthal* plaintiff delayed for three years, the case is not helpful in deciding the present matter.

an advertisement placement service. (Compl. ¶¶ 8–9.) Handler brought his breach of contract action against Kenneth Allen pursuant to an assignment executed by YPA, which granted Handler "right, title and interest into and to . . . claims [and] causes of action" that were the property of YPA. (*Id*. ¶ 6 (quoting Ex. 1 at 2).)[2] Handler resides in Evanston, Illinois. (Compl. ¶ 1.) Kenneth Allen is an Indiana corporation with its principal place of business in Valparaiso, Indiana. (*Id.* ¶ 2.) Non-party YPA is an Illinois corporation with offices in Illinois and Indiana. (Resp. Ex. 1 ¶¶ 2, 5.)

In 2000, Kenneth Allen and YPA entered into an agreement under which YPA would provide advertisement placement services for Kenneth Allen. (Resp. Ex. 2.) The agreement was negotiated and executed in Indiana. (Mot. Ex. A ¶¶ 5–6.) YPA placed advertisements on behalf of Kenneth Allen in parts of Illinois, Indiana, and Michigan until sometime in 2009. (Compl. ¶ 11.) YPA sent invoices to Kenneth Allen's Indiana office for advertisements it placed between 2008 and 2009. (Compl. ¶ 13, Group Ex. 2.) The invoices directed Kenneth Allen to remit payment to YPA's Indiana office. (*Id.*) Kenneth Allen failed to remit a total invoiced sum of $290,883.31. (Compl. ¶¶ 15–17.) Pursuant to the assignment, Handler sued Kenneth Allen alleging breach of the YPA advertising contract. (Compl. ¶ 20.)

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a court may, for the convenience of the parties and witnesses and in the interest of justice, transfer any civil matter to another district where venue is

---

[2] Under Illinois law, a valid assignment "puts the assignee in the shoes of the assignor . . . ." *Kaplan v. Shure Bros. Inc.*, 266 F.3d 598, 602 (7th Cir. 2001). Handler is acting "solely as the Assignee for the Benefit of Creditors of [YPA]" and the parties do not dispute the validity of that assignment. (Compl. ¶ 6, Mot. Ex. A ¶ 16, Mem. at 3.)

-2-

proper. A court may transfer a case if a moving party shows that: (1) venue is proper in the district where the action was originally filed; (2) venue would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *See Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007) (citing *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)).

The parties concede that venue is proper in either the Northern District of Illinois or the Northern District of Indiana, and we agree. (Mem. at 5–6, Resp. at 2–3, 5.) Consequently, we concentrate on whether a transfer will serve the convenience of the parties and witnesses and the interests of justice. In doing so we must weigh both private and public factors and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The weight afforded to each factor is within the discretion of the district court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge."); *see also Nasser v. Soo Line R.R. Co.*, No. 96 C 8636, 1997 WL 223063, at *1 (N.D. Ill. Apr. 25, 1997) (explaining that "weighing the pertinent circumstances for and against transfer necessarily involves a case-by-case determination").

1. **Private Factors**

Relevant private factors for a motion to transfer venue include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses." *Morton Grove Pharms.*, 525 F. Supp. 2d at 1044 (citations omitted); *see also Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). We discuss each in turn.

   a. **Plaintiff's Choice of Forum**

The plaintiff's choice of forum is generally given great deference, particularly when the plaintiff resides in the chosen district. *Vandeveld*, 877 F. Supp. at 1167; *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994). Since Handler resides in his chosen forum, the Northern District of Illinois, this factor weighs against transfer.

   b. **Situs of Material Events**

Turning to the second private factor, the situs of material events in a breach of contract case "is where the business decisions causing the breach occurred . . . ." *First Nat'l Bank v. El Camino Res. Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (quoting *Hyatt Corp. v. Personal Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *3 (N.D. Ill. Dec. 15, 2004)). The parties dispute the situs of the breach. (Mem. at 8 (situs is "undeniably in the Northern District of Indiana"); Resp. at 3 ("Illinois is unquestionably the situs").) In deciding a motion to transfer, we "must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant." *Bankers Life & Cas. Co. v. Case,* No. 05 C 6532, 2005 WL 3542523, at *1 (N.D. Ill. Dec. 23, 2005) (quoting

*Andrade v. Chase Home Fin., LLC*, No. 4 C 8229, 2005 WL 3436400, at *6 (N.D. Ill. Dec. 12, 2005)). In this case, the facts in the Complaint are contradicted by other evidence in the record.

Handler alleges that Kenneth Allen breached its contract with YPA "by failing to pay YPA for services rendered." (Compl. ¶ 20.) The complaint alleges minimal situs-related facts: only that YPA placed advertisements for Kenneth Allen in Indiana and Illinois, and that the twenty-two unpaid invoices were mailed to Kenneth Allen's Indiana office with directions to remit payment to YPA's Indiana office. (Compl. ¶¶ 11, 15, Ex. 2.) We garner no more from Handler's response, except that YPA maintained an office in Illinois. (Resp. at 3.) Handler fails to list any breach-related acts occurring in Illinois (aside from the physical location of an office), and it is thus hard to believe that the situs "is by no means a settled issue." (*Id.*)

Rather, and as demonstrated by Kenneth Allen, the location of all material events is settled. In a sworn affidavit from its president, Kenneth Allen testified that a number of events giving rise to the alleged breach occurred in Indiana, including contract negotiations and ultimate execution. (Mot. Ex. A ¶¶ 5, 6–7, 10.) These business activities are relevant to the situs factor. *See Hyatt Corp.*, 2004 WL 2931288, at *3 (considering where "contracts were primarily negotiated . . . and . . . signed" for purposes of situs analysis and citing *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002), *rev'd on other grounds*, 382 F.3d 716 (7th Cir. 2004)). Thus, whether we concentrate on Handler's well-pleaded facts, the unpaid Indiana invoices, or Kenneth Allen's sworn statement that the contract was negotiated and executed in Indiana, it appears that the alleged breach occurred in Indiana. Accordingly, this factor weighs in favor of transfer.

### c. Access to Sources of Proof

The third private factor concerns access to evidence. Kenneth Allen concedes, and Handler does not disagree, that any relevant records can easily be photocopied and exchanged in either Indiana or Illinois. (Mem. at 9, Resp. at 4.) "When documents are easily transferrable, access to proof is a neutral factor." *First Nat'l Bank*, 447 F. Supp. 2d at 912 (citing *Bafia v. Marion*, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. July 6, 2004)). As a result, this factor is neutral.

### d. Convenience of the Parties

If transfer "simply 'transforms an inconvenience for one party into an inconvenience for the other party,'" it is not appropriate. *Signode v. Sigma Tech. Int'l, LLC*, No. 09 C 7860, 2010 WL 1251448, at *6 (N.D. Ill. Mar. 24, 2010) (quoting *Vandeveld*, 877 F. Supp. at 1167)). Aside from the fact that Handler, an assignee to the underlying contract, is an Illinois resident, it appears that all relevant documents and events pertaining to the alleged breach are located in or occurred in Indiana. Kenneth Allen will be inconvenienced if it has to produce documents and witnesses in Illinois. Handler will be inconvenienced if he has to travel to Indiana to litigate. Because litigation in either forum will inconvenience one of the parties, this factor is neutral. *See Pollock v. Boss Indus., Inc.*, No. 05 C 4978, 2006 WL 488687, at *2 (N.D. Ill. Feb. 24, 2006) (finding factor neutral because "litigation in either forum [would] inconvenience one of the parties, and neither party [contended] they [were] financially unable to litigate in either forum").

### e. Convenience of the Witnesses

In weighing this factor, courts should assess the location of potential witnesses, the nature of their expected testimony, and whether certain witnesses may be compelled to testify. *Eugene v. McDonald's Corp.*, No. 96 C 1469, 1996 WL 411444, at *2 (N.D. Ill. July 17, 1996) (citing *Peterson v. United States Steel Corp.*, 624 F. Supp. 44, 45 (N.D. Ill. 1985)). This private factor "is often viewed as the most important factor in the transfer analysis." *Preussag Int'l Steel Corp. v. Ideal Steel & Builder's Supplies, Inc.*, No. 03 C 6643, 2004 WL 783102, at *5 (N.D. Ill. Jan. 20, 2004) (citing *Tingstol Co. v. Rainbow Sales Inc.,* 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998)).

Handler's and Kenneth Allen's witness lists are nearly identical. (Mot. Ex. B at 2–3, Mem. at 10–11.) Except for Handler and one former YPA employee whose address is unknown, all identified witnesses reside in Indiana. (*Id.*) While the parties indicate "[p]ossible representatives of certain telephone directory publishers in Indiana, Illinois, and Michigan" could be called as witnesses (Mem. at 11, Resp. at 5 (referring to third-party publisher witnesses)), neither party argues the significance of such witnesses or makes any effort to identify particular publishers they might call. Handler admits it will be "equally inconvenient" for any third-party publisher witnesses to testify in either venue. (Resp. at 5.) And, equally unhelpful to tipping this factor in his favor, Handler does not contest that his testimony merely concerns "[i]nformation relating to the execution of the Assignment . . . and ownership by the Assignee of the claims at issue in this litigation." (Mot. Ex. B at 2–3.) Neither of these points are at issue, rendering the nature of the only Illinois witness' testimony of little importance to the case.

Finally, it appears that all identified non-party witnesses, such as former Kenneth Allen employees and YPA employees, are Indiana residents. "More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is assumed that party-witnesses will appear voluntarily." *Pollack*, 2006 WL 488687, at *3 (citing *Am. Family Ins. ex rel. Suddarth v. Wal-mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *1 (N.D. Ill. Apr. 17, 2003)). Consequently, we find analysis of this factor for purposes of the present case akin to *Pollack* and conclude that it favors transfer. *See Pollack*, 2006 WL 488687, at *3 (finding required travel by non-party Indiana resident to Illinois to litigate slightly favored transferring case to Indiana even when witness was within the court's subpoena power).

## 2. Public Factors

After reviewing the private factors, courts look at whether transfer is in the interests of justice. "The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute." *Eugene*, 1996 WL 411444, at *3 (citing *Coffey*, 796 F. 2d at 221). We consider the "court's familiarity with the applicable law, the speed at which the case will proceed to trial, and desirability of resolving controversies in their locale." *Hill-Jackson v. FAF, Inc.*, No. 10 C 364, 2010 WL 3403882, at *4 (N.D. Ill. Aug. 25, 2010) (citing *First Nat'l Bank*, 447 F. Supp. 2d at 912).

### a. Familiarity with Applicable Law

With regard to the first factor, we find that Kenneth Allen's choice of law analysis is premature. While "Illinois choice of law rules will apply to this action irrespective of whether this court transfers this case[]," we need not conduct that full analysis at this stage. *Vandeveld*, 877 F. Supp. at 1169 (citing *Providence Hosp. v. Rollins Burdick Hunter of Ill., Inc.*, 824 F.

Supp. 131, 133 (N.D. Ill. 1993)). What is presently relevant is the fact that "[g]enerally, contract law is not particularly complex." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000) (finding New York could apply Illinois contract law). This court's colleagues in Indiana federal courts are more than likely to have experience with Illinois contract law and vice versa. Accordingly, we find this factor to be neutral. *See Riviera Fin. v. Trucking Servs., Inc.*, 904 F. Supp 837, 840 (N.D. Ill. 1995) (noting that no real difficulty would be required to research and apply relevant Illinois contract doctrines).

    b.    **Speedy Case Resolution**

According to the most recent Federal Court Management Statistics for both courts, *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx, civil cases reach disposition faster in Illinois (2009 average of 6.2 months) than in Indiana (2008 average of 10.2 months; 2009 average was unavailable). The time to trial for civil cases was also slightly faster in Illinois (27.8 months versus 29 months). Although the difference is slight, this factor weighs against transfer.

    c.    **Relationship of Communities to Litigation**

"Resolving litigated controversies in their locale is a desirable goal of federal courts." *Hill-Jackson*, 2010 WL 3403882, at *7 (quoting *First Nat'l Bank*, 447 F. Supp. 2d at 914). Handler is correct that "Illinois has a strong interest in providing a convenient forum for redressing injuries inflicted by out-of-state-actors." *Id.* Thus, Illinois has an interest in protecting Handler. But, Kenneth Allen is also correct that Indiana has an interest in resolution of this case. *See id.* (Indiana had "interest in protecting the companies that do business in its

jurisdiction . . ." equal to the interest of Illinois in redressing injuries by out-of-state-actors). Indiana has a further interest in protecting Kenneth Allen. Because the interests of both courts are strong, this factor is neutral. *See Pollack*, 2006 WL 488687, at *4.

3. **Summary of Balance**

After consideration of all the relevant factors, we hold that the balance favors transfer of the case to the Northern District of Indiana. Although the plaintiff's choice of forum should rarely be disturbed, when "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." *Dunn*, 864 F. Supp. at 65 (quoting *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D. Ill. 1990) (citations omitted)). Indiana is the situs of materials events. Nearly all identified witnesses, including several non-party witnesses, reside in Indiana. Finally, it is the underlying contract that is in dispute, not Handler's assignment. Therefore, Indiana has stronger connections than Illinois to this case.

## CONCLUSION

For the reasons stated above, we grant Kenneth Allen's motion to transfer venue. This case is transferred to the Northern District of Indiana. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: March 24, 2011